## Eller v. Eller

*Maurice J. Coughlin,* for libellant.

LAUB, J., January 23, 1948.—Because of procedural defects we have no jurisdiction to entertain this action in divorce notwithstanding the master has recommended the entry of a decree.

Suit was instituted by the father and next friend of libellant, who was designated in the title as a minor. Actually he was 25 years old at the time of the master's

hearing, which was held about four months after the libel was filed. No explanation was offered in the testimony for this extraordinary procedure.

Nor is respondent properly in court. Although she was a minor at the time suit was instituted and her father was named as her next friend, she never was served with a copy of the libel or of the subpœna. Service was had only upon the father. That this procedure was improper can readily be seen by reference to Pa. R. C. P. 2029(*a*) which provides as follows:

"Where a minor is a defendant, the original process in the action shall be served upon him in the manner prescribed for the service of like process upon an adult defendant."

Further reference to The Divorce Law, May 2, 1929, P. L. 1237, sec. 27, 23 PS §27, discloses that personal service upon minor respondent is an essential prerequisite to our jurisdiction. See Burnsworth v. Burnsworth, 56 D. & C. 478; Zurowsky v. Zurowsky, 60 D. & C. 160.

And now, to wit, January 23, 1948, all proceedings subsequent to the filing of the libel are set aside and the libel is dismissed without prejudice.